Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 382 | **DATE** | 8/25/2003 |
| **CASE TITLE** | Banks vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In accordance with the order of the Seventh Circuit Court of Appeals, judgment is entered for the plaintiff and this case is remanded to the Commissioner of Social Security for further proceedings in accordance with the Seventh Circuit's order. Plaintiff's petition for an award of costs and fees [dkt # 35] is GRANTED in the amount of $22,411.66, payable to plaintiff's counsel, Barry A. Schultz. This is a final order. Terminating case.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 26 2003 | |
| | Notified counsel by telephone. | date docketed | 39 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mm | courtroom deputy's initials | 03 AUG 25 PM 5:43 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

| | |
|---|---|
| WILLIAM G. BANKS,<br>Plaintiff, | Cause No. 01 C 382 |
| v. | Magistrate Judge Geraldine Soat Brown |
| JO ANNE BARNHART,<br>Commissioner of Social Security,<br>Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Banks seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Dkt# 35.] The Commissioner's position in this case was not substantially justified and the fees sought by Plaintiff are reasonable. Plaintiff's motion is thus granted.

As a threshold matter, although the previous decision of this court was reversed by the Court of Appeals for the Seventh Circuit and the case was remanded to this court, the Commissioner correctly observes that this court has not yet remanded the case to the Social Security Administration in accordance with the Seventh Circuit's opinion. *See Kolman v. Shalala*, 39 F.3d 173, 176 (7th Cir. 1994)("the power to remand an order awarding or denying social security benefits is lodged in the district court rather than in this court."). Accordingly, a judgment is also being entered in favor of Plaintiff, remanding the case to the Social Security Administration for further proceedings in accordance with the Seventh Circuit's opinion.

1

39

## BACKGROUND

The facts of this case were discussed extensively in this court's prior opinion. *Banks v. Barnhart*, No. 01 C 382, 2002 WL 1553351 at *1-8 (N.D. Ill. July 15, 2002). Plaintiff applied to the Social Security Administration ("SSA") for Disability Benefits and Supplemental Security Income Benefits. *Id.* at *1. Following a denial of benefits, Plaintiff filed an action seeking judicial review pursuant to 42 U.S.C. § 405. *Id.* Plaintiff argued, *inter alia*, that the Administrative Law Judge ("ALJ") erred in assessing his residual functional capacity ("RFC") and credibility. *Id.* at *14, 16. This court granted summary judgment for the Commissioner. *Id.* at *18. On appeal that decision was reversed by the Seventh Circuit in an unpublished opinion. *Banks v. Barnhart*, No. 02-3339, 2003 WL 1961820 (7th Cir. Apr. 23, 2003). The Seventh Circuit stated that due to the "cursory analysis" of the ALJ, the court was unable to conclude that the decision of the SSA was supported by substantial evidence and remanded the case to this court to be remanded to the SSA for further proceedings. *Id.* at *1.

## DISCUSSION

Plaintiff is entitled to fees under the EAJA if he is 1) a prevailing party; 2) the position of the United States was not "substantially justified;" 3) no special circumstances exist that would make an award unjust; and 4) a fee application is submitted within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1). If Plaintiff is awarded fees, those fees must be "reasonable." 28 U.S.C. § 2412(b). In addition to fees relating to the underlying action, Plaintiff is entitled to fees for the time spent preparing an EAJA petition. *Commissioner, INS v. Jean*, 496 U.S. 154, 162 (1990).

2

In the present case the Commissioner does not contest that Plaintiff is a prevailing party for the purposes of the EAJA. Nor does the Commissioner contest the timeliness of the fee petition (except for the absence of a final judgment, which is entered herewith), or assert the existence of special circumstances. Those issues are thus deemed waived. *See Sample v. Shalala,* No. 91 C 2191, 1994 WL 66144 (N.D. Ill. Mar. 2, 1994)(Andersen, J.). The Commissioner does, however, argue that her position was substantially justified and, in the alternative, contests the reasonableness of the fees sought by Plaintiff.

## I. Government's Position

The Supreme Court has discussed the "substantially justified" language of the EAJA. In *Pierce v. Underwood,* 487 U.S. 564, 565 (1988), the Supreme Court stated that a substantially justified position is one that is "justified to a degree that could satisfy a reasonable person." The Court made it clear, however, that "[t]o be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness; that is surely not the standard for Government litigation of which a reasonable person would approve." *Id.* at 566. In *Kolman,* 39 F.3d at 177, the Seventh Circuit restated the *Pierce* test and then observed that "[t]he test for substantial justification is whether the agency had a rational ground for thinking it has a rational ground for its action . . . ." Despite Plaintiff's concerns, it is clear from the context of the opinion that the Seventh Circuit did not purport to alter the *Pierce* test, but simply to restate it. (*See* Pl.'s Reply at 1.)

In assessing the government's position, the court is to consider the government's litigation position and pre-litigation conduct, but to reach a single finding. *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994). Thus, if the government's pre-litigation conduct was unreasonable, but its

3

litigation position reasonable, the court could still properly conclude that plaintiff was entitled to fees under the EAJA. *Id.* The government has the burden of proving its position has a "reasonable basis in law and fact." *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991). Plaintiff argues that the Commissioner's pre-litigation and litigation positions were not substantially justified with regard to Plaintiff's RFC and credibility. The Commissioner makes no effort to demonstrate that an analysis of the entirety of its position, as opposed to an analysis limited to the issues briefed by Plaintiff, would render its position sufficiently justified to as to preclude an award of fees. Thus, we turn to the Commissioner's position on those issues.

**A. Credibility Analysis**

The fact that the Commissioner prevailed at the district court level is not determinative of the reasonableness of the Commissioner's position. *Pierce*, 478 U.S. at 569; *Smith ex rel Smith v. Apfel*, No. 99 C 1139, 2001 WL 199505 at *3 (N.D. Ill. Feb. 3, 2001)(Denlow, M.J.). Rather, "[t]he touchstone for the Court's analysis is the Seventh Circuit's evaluation of the ALJ's ruling and not this Court's previous review of the merits." *Zurawski v. Massanari*, No. 99 C 2819, 2001 U.S. Dist. LEXIS 12725 at *7 (N.D. Ill. Aug. 21, 2001)(Keys, M.J.). In the present case it is clear from the Seventh Circuit's opinion that Commissioner's litigation and pre-litigation positions regarding this issue were without substantial justification. The Seventh Circuit referred to the ALJ's credibility determination as impermissibly "perfunctory" and further concluded that even the evidence cited after the fact by the Commissioner's counsel was insufficient:

> The Commissioner defends the ALJ's perfunctory determination by arguing that the ALJ implicitly considered the factors for evaluating symptoms set forth in [SSR] 96-7p. But, as we recently reiterated 'nothing in Social Security Ruling 96-7p suggests

4

that the reasons for a credibility finding may be implied.' ... Nor are we persuaded that the evidence identified by the Commissioner supports the ALJ's credibility determination, even if the ALJ had implicitly considered it.

*Banks*, 2003 WL 1961820 at * 4.

An ALJ's failure to articulate properly the evidence he considered in making his decision does not always by itself render the Commissioner's position without substantial justification, because "the requirement that the ALJ articulate his consideration of the evidence is deliberately flexible." *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992). However, the rule that the court's review of an administrative decision is limited to the grounds provided by the agency is clearly established. *See SEC v. Chenery*, 318 U.S. 80, 92 (1943). It has been applied in the context of Social Security cases in numerous decisions by the Seventh Circuit such as *Connor v. Sullivan*, 938 F.2d 70, 73 (7th Cir. 1991). Unlike the requirement in *Stein*, this requirement is not flexible.

In light of the Seventh Circuit opinion, it is also clear that the Commissioner's pre-litigation position was also without substantial justification. The Seventh Circuit makes it clear that the ALJ's "single, conclusory statement" was an insufficient evaluation of Plaintiff's credibility. The Seventh Circuit directed the case be remanded because it could not properly assess the ALJ's conclusion. In considering an EAJA fee petition the court in *Brindisi v. Barnhart*, No. 00 C 6495, 2003 WL 21696195 at *4 (N.D. Ill. July 21, 2003)(Kennelly, J.) stated that

> the Seventh Circuit essentially found the ALJ's decision to be so lacking in reasoning that it could not even be evaluated to determine the reasonableness of the ALJ's findings. The court characterized the ALJ's discussion as "perfunctory" and "conclusory".... Under the circumstances, this Court is constrained to find that the government's pre-litigation position in this case, as represented by the ALJ's ruling, was not "substantially justified" within the meaning of the EAJA.

5

In addition, the court in *Brindisi* noted that "the Seventh Circuit's ruling undermines any persuasive effect that this Court's prior ruling might be thought to have had: despite our earlier ruling, the Court of Appeals did not find the case to be in the least bit close." *Id.; see also Smith*, 2001 WL 199505 at *3 ("The Seventh Circuit decision strongly suggests the Commissioner's pre-litigation and litigation positions were not substantially justified because the problems were present throughout the administrative and litigation phases of the case."). The same rationale applies in this case.

Significantly, the Commissioner's defense of the reasonableness of its position regarding credibility does not address the significance of the Seventh Circuit's conclusion that the ALJ's analysis was so "cursory" that the Seventh Circuit could not even conclude whether substantial evidence supported it. *Banks*, 2003 WL 1961820 at *1. Instead, the Commissioner simply restates the evidence, rearguing a position that the Seventh Circuit soundly rejected.

## B. RFC Analysis

Having determined that the Commissioner's position with respect to the credibility issue was not substantially justified, it may not be necessary to address the second issue, but we do so in the interest of completeness.

The Seventh Circuit concluded that the ALJ's RFC analysis was "woefully deficient," unclear, internally inconsistent and unaccompanied by an analysis of the relevant evidence. *Banks*, 2003 WL 1961820 at *6. The Seventh Circuit further noted that the ALJ failed to make a comparison between the specific physical demands of Plaintiff's past job and his present capabilities as required by Seventh Circuit opinions and an applicable Social Security Ruling. *Id.* In *DeFrancesco on Behalf of DeFrancesco v. Sullivan*, 803 F. Supp. 1332, 1336-37 (N.D. Ill. 1992),

6

the court awarded fees under the EAJA where "[t]he language of the appellate court's opinion indicate[d] that the Secretary's decision was overturned because of serious flaws in fact and in law. The Seventh Circuit found the Secretary's position to be inconsistent, illogical, untenable and contrary to regulations and Social Security Rulings." Similarly, In *Sutton v. Chater*, 944 F. Supp. 638, 645 (N.D. Ill. 1996), the court held that the where "[t]he ALJ failed to develop the record in a way that would support his decision that [plaintiff] failed to meet the requirements," the ALJ's decision did not have a reasonable basis in fact, and, thus, the ALJ's and the Commissioner's position during the pre-litigation proceedings was not substantially justified. In the present case, it is clear that the Seventh Circuit believed that the ALJ had failed to sufficiently address the evidence or justify his conclusions. A "woefully deficient" opinion is not one that is "substantially justified," and a litigation position that defends such an opinion is similarly lacking in justification.

The Commissioner argues that the Seventh Circuit's statement, in remanding the case for further proceedings, that "[n]one of this is to state that a conclusion that Banks is not disabled would be indefensible," 2003 WL 1961820 at *6, means that the Seventh Circuit has "implicitly acknowledged that a 'genuine dispute existed' as to Plaintiff's credibility and residual functional capacity" thus precluding an award of fees. (Def.'s Mem. at 10.) This argument misinterprets the Seventh Circuit's opinion and the considerations applicable to an award of fees under the EAJA. The Seventh Circuit stated:

> None of this is to say that a conclusion that Banks is not disabled would be indefensible. But the ALJ's failure to articulate the basis for discrediting Banks' testimony and other evidence contrary to his conclusion, prevents us from finding that substantial evidence supports his determination at step four of the disability analysis.

7

*Banks*, 2003 WL 1961820 at *6. The Seventh Circuit stated that the *ALJ*, after the proper development of the record and written consideration of the evidence, might still find that Plaintiff is not disabled. That statement says nothing, however, about the appropriateness of the ALJ's prior opinion, or the government's defense of that opinion.

Commissioner has failed to meet its burden to show that it has substantial justification for her position in this case, either pre-litigation or during the litigation. As a result, an award of fees under the EAJA is proper.

**II. Reasonableness of Fees Sought**

Plaintiff seeks $22,411.66 in costs and fees for work by his attorneys before this court and the Seventh Circuit. (Pl.'s Reply at 13.) Plaintiff has the burden of proving that his fee request is reasonable and to support it with documentation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Although the *Hensley* case interprets 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976, certain cases have applied it in the context of the EAJA. *See Harris v. Barnhart*, 259 F. Supp.2d 775, 782 (E.D. Wis. 2003).

Plaintiff provides detailed timesheets for the work of attorneys Barry A. Shultz and M. Jacqueline Walther and several paralegals.[1] Plaintiff seeks fees for 27.5 hours of work by Walther, (Ex. A to Pl.'s Reply), 103.5 hours of work by Shutlz, 13.2 hours of work by paralegals, (Ex. C. to Pl.'s Mem.), and costs of $245 for filing fees and copying of briefs. (Pl.'s Mem. at 8.) In addition,

---

[1]Plaintiff initially failed to attach an itemization of Walther's time to his petition. It was, however, attached to his reply memorandum and had apparently been provided to Commissioner prior to filing of the motion. (Pl.'s Reply at 8-9.) As a result, it will be considered by the court. *See Jenkins v. Union Corp.*, 999 F. Supp. 1122, 1124 n.2 (N.D. Ill. 1998)(claim inadvertently omitted from consolidated complaint considered by court when no prejudice would result).

8

Plaintiff seeks fees for 12.2 hours[2] of time spent in preparation of the EAJA brief. (Pl.'s Reply at 13.)

The EAJA provides a statutory cap of $125 per hour on attorneys fees that the court may increase if justified by an increase in the cost of living or special factors. 28 U.S.C. § 2412(d)(2)(A). Plaintiff calculates his attorneys' hourly fees by adjusting the statutory figure upward on a month by month basis linked to increases in the cost of living index since March of 1996 when the EAJA was last amended. (Pl.'s Mem. at 8.); *See Uphill v. Barnhart*, 02 C 0008, __F.Supp.2d__, 2003 WL 21635452 at *9 (E.D. Wis., July 3, 2003)(Adelman, J.)(approving similar methodology).

The Commissioner does not dispute the hourly rates or costs sought by Plaintiff. The Commissioner does argue that the fees sought by Plaintiff "appear excessive" and requests that the court redact those hours which appear excessive. (Def.'s Mem. at 12.) In support of that argument, the Commissioner raises two issues.

First, the Commissioner argues that "it seems troubling that Plaintiff's attorney... expended virtually the same amount of time on the reply brief as on the primary brief." (*Id.*) Commissioner calculated that Plaintiff's attorney spent approximately 30.5 hours, and .5 hours of paralegal time, in preparing his reply brief. (*Id.*) It is not proper to award excessive or duplicative fees. *Jardin v. Winston Network*, 888 F.2d 1151, 1160 (7th Cir. 1989). Yet the appropriate amount of time to spend on a brief obviously varies depending on the complexity of the issue. *See Lightfoot v. Walker*, 826 F.2d 516, 522 (7th Cir. 1987)(upholding determination that 829.50 hours was not an unreasonable amount of time to have spent preparing "massive" post-trial brief on issue of remedies in prison reform litigation).

---

[2]Plaintiff identifies this block of time as both 12.2 hours and 13.2 hours in his brief. (Pl.'s Reply at 13.) The dollar amount requested by Plaintiff reflects 12.2 hours of work, and that is the number adopted by the court. *Id.*

9

Spending what amounts to three full work days to prepare a brief for the Court of Appeals, even on a relatively straightforward issue, is not, without more, inherently excessive. In *Maldonado v. Houston,* 256 F.3d 181, 186 (3rd Cir. 2001), the Third Circuit found it unreasonable to have spent 275.65 hours researching and briefing a single issue that presented no complex factual or legal issues. The court concluded, however, that 120 hours was a "reasonable and generous amount of time." *Id.* Commissioner presents no evidence other than the bare number of hours that would suggest time billed by Plaintiff is excessive. *See Gibson-Jones v. Apfel,* 995 F. Supp. 825, 827 (N.D. Ill. 1998)("The Government presented no affidavit evidence indicating the hours expended [96.5 on appeal of Social Security case] were unreasonable.").

Moreover, to the extent counsel carefully prepares a reply brief, he or she can reduce time spent in preparation for oral argument. Counsel in the present case bills only 7.2 of time to prepare for oral argument. The court in *Maldonado,* 256 F.3d 187, found that 24 hours of preparation for oral argument (reduced from 169.35) was appropriate. Finally, the overall number of hours billed by Plaintiff's attorney's appears similar to that in other cases. *See Sample,* 1994 WL 66144 at *2 (not unreasonable to have spent 155.5 hours on Social Security case at the District Court and Seventh Circuit levels.); *Gibson-Jones,* 995 F. Supp. at 827 (total of 162.25 hours).

Secondly, Commissioner argues that "the itemization does not reflect billing judgment insofar that no action is excluded from billing *(see, e.g.* .3 hours on 9/18/02 to review the docket sheet . . . )." (Def.'s Mem. at 13.) As an initial matter, Commissioner provides no factual basis for her argument that "no action is excluded from billing." By definition, time or actions not billed will not show up in billing records and unless they are of great significance, their absence will not necessarily be apparent. Moreover, "billing judgment" does not mean simply not billing for small

10

tasks, as Commissioner implies. The Supreme Court has held that

> *Hensley* requires a fee applicant to exercise 'billing judgment' not because he should necessarily be compensated for less than the actual number of hours spent litigating a case, but because the hours he does seek compensation for must be *reasonable*. 'Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . .' In this case, the District Court found that the number of hours expended by respondents' counsel was *reasonable*. Thus, counsel did, in fact, exercise the 'billing judgment' recommended in *Hensley*.

*City of Riverside v. Riviera*, 477 U.S. 561, 570 n. 4 (1986)(citation omitted)(emphasis in original).

The court has reviewed Plaintiff's fee petition and has not found any item that appears improper, unreasonable or redundant. The examples given by Commissioner such as time to review the docket sheet, write to the clerk of the court, and write to Plaintiff are all directly related to, and necessary for, the litigation of Plaintiff's case.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an award of fees and costs is granted in the amount of $22,411.66. Pursuant to an agreement between Plaintiff and his counsel, as stated by that counsel (Pl.'s Mem. at 13), the amount shall be payable directly to Plaintiff's counsel, Barry A. Schultz.

**IT IS SO ORDERED.**

Geraldine Soat Brown
United States Magistrate Judge

Dated: August 25, 2003

11